# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONA M. WILLIAMS, <br><br> Plaintiff <br><br> v. <br><br> FORSTER & GARBUS LLP, <br><br> Defendant | **10 CIV 5954** <br><br> Civil Action No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

DONA M. WILLIAMS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FORSTER & GARBUS LLP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New York and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing at 26 Summit Circle Drive, Mahopac, NY 10541.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company located at 500 Bi-County Blvd., Suite 300, Farmingdale, NY 11735

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and

provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing

laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

17. On December 16, 2009 Defendant served Plaintiff at her home with a summons.

18. Plaintiff's husband contacted Defendant and spoke with Cindy Williams, to whom he explained that he was out of work, and he and his wife could not possibly afford to pay off the debt at the time.

19. Defendant's Cindy Williams responded to Plaintiff's husband, "I will hold off the court action since you have called me and are willing to make an attempt to settle this".

20. Plaintiff and her husband called Defendant every week to inform Cindy Williams of his job-search status.

21. During the month following the service of the summons, even while

PLAINTIFF'S COMPLAINT

Plaintiff's husband was unable to find work, he offered to make reduced payments to Defendant. Defendant refused and requested that Plaintiff's husband continue to search for work.

22. On February 3, 2010 Plaintiff received a letter informing her that a judgment had been entered against her.

23. Defendant had deceived Plaintiff and her husband by taking a judgment after causing Plaintiff to rely to her detriment that Defendant would place the litigation in a hold status because efforts were being made to resolve the debt claim.

24. Upon information and belief, the above conduct was engaged in by Defendant solely to obtain judgment by deceit, misrepresentation and fraud.

25. There was no good faith basis for Defendant engaging in the above action after promising Plaintiff and her husband that the collection action would be placed on hold.

26. Defendant's conduct is unconscionable, if not a complete breach of ethics of an officer of the court, especially dealing with an unrepresented party.

## CONSTRUCTION OF APPLICABLE LAW

27. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

28. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

29. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

PLAINTIFF'S COMPLAINT

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31.  In its actions and methods to collect a disputed debt, Defendant violated the FDCPA in the following ways:

   a. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

   b. Using false representation and deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10);

   c. Using unfair and unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f;

   d. Failing to, within five days after the initial contact with Plaintiff in connection with the collection of the alleged debt, send the consumer a written notice containing any of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the validity of the debt within 30 days of the initial communication the debt will be assumed to be valid, a statement that is the consumer disputes the debt in writing within the 30 day period the debt collector is required to verify the debt, a statement that, upon written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, in violation of 15 USC § 1692g(a), 15 USC § 1692g(a)(1), 15

USC § 1692g(a)(2), 15 USC § 1692g(a)(3), 15 USC § 1692g(a)(4), 15 USC § 1692g(a)(5);

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff, DONA M. WILLIAMS, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DONA M. WILLIAMS, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: August 2, 2010    KIMMEL & SILVERMAN, P.C..

By: _____
Craig Thor Kimmel
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT